RECORD NO. 13-4686

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

## v.

## THOMAS MARSHALL BYRD,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

_____

## REPLY BRIEF OF APPELLANT

_____

**Ferris R. Bond**
**BOND & NORMAN**
**777 6th Street, NW, Suite 410**
**Washington, DC  20001**
**(202) 423-3859**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................ iii

STATEMENT OF ISSUES ................................................................. 1

ARGUMENT ...................................................................................... 1

    I.    THE TRIAL JUDGE WAS REQUIRED TO INFORM
        APPELLANT THAT HIS SENTENCE COULD BE
        ENHANCED AS A CAREER OFFENDER IN THE RULE 11
        PLEA COLLOQUY ............................................................. 1

        DISCUSSION OF ISSUE ................................................... 1

    II.    THE DISTRICT COURT'S MISTAKE AS TO THE
        AMOUNT OF CRACK COCAINE MR. BYRD PLEAD TO
        WAS RELEVANT TO BYRD'S PLEA TO COUNT FIVE ............... 3

        DISCUSSION OF ISSUE ................................................... 3

    III.    BYRD'S MISAPPREHENSION REGARDING HIS
        SENTENCE WAS AN APPROPRIATE BASIS TO
        WITHDRAW HIS GUILTY PLEA TO COUNT V ........................... 5

        DISCUSSION OF ISSUE ................................................... 5

    IV.    WE RELY ON THE AUTHORITY AND ARGUMENT
        MADE IN APPELLANT'S OPENING BRIEF  THAT THE
        DISTRICT COURT'S SENTENCE OF APPELLANT BYRD
        TO A COMBINED SENTENCE OF 240 MONTHS SHOULD
        BE REVERSED BECAUSE IT IS GREATER THAN
        NECESSARY, UNREASONABLE, AND CONFLICTS WITH
        THE SENTENCING GOALS OF 18 U.S.C. § 3553 ..................... 8

    V.    THE APPEAL WAIVER CONTAINED IN THE PLEA
        AGREEMENT IS INVALID ................................................. 8

DISCUSSION OF ISSUE ....................................................................8

CONCLUSION ...................................................................................9

ORAL ARGUMENT IS REQUESTED .................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*People v. Butler*,
204 N.W.2d 325 (Mich. Ct. App. 1972)...........................................................8

*Santobello v. New York*,
404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) ...............................6, 7

*United States v. Banos-Mejia*,
539 F. Appx. 765 (9th Cir. 2013) .............................................................1, 5

*United States v. Bogusz*,
43 F.3d 82 (3d Cir. 1992) ...........................................................................6

*United States v. Brown*,
500 F.2d 375 (4th Cir. 1974) .......................................................................6

*United States v. Goins*,
51 F.3d 400 (4th Cir. 1995) ......................................................................2, 3

*United States v. Hairston*,
522 F.3d 336 (4th Cir. 2008) ....................................................................2, 3

*United States v. Jackson*,
39 F. Appx. 912 (4th Cir. 2002) ..................................................................1

*United States v. Jordan*,
438 F. Appx. 180 (4th Cir. 2011) ................................................................8

*United States v. Mincy*,
480 F. Appx. 743 (4th Cir. 2012) ............................................................1, 5

*United States v. Pittman*,
72 F. Appx. 244 (6th Cir. 2003) ..................................................................1

*United States v. Raynor*,
  989 F. Supp. 43 (D.D.C. 1997)......................................................................8

*United States v. Trappier*,
  447 F. Appx. 463 (4th Cir. 2011) ................................................................1

*United States v. Wells*,
  ___ F. Appx. ___, 2014 WL 1387670 (4th Cir. Apr. 10, 2014) ...................8

## **STATUTE**

21 U.S.C. § 841(b)(1)..........................................................................................4

## **RULE**

Fed. R. Crim. P. 11..........................................................................................1, 3

## STATEMENT OF ISSUES

**I.    WHETHER THE TRIAL JUDGE WAS REQUIRED TO INFORM APPELLANT THAT HIS SENTENCE COULD BE ENHANCED AS A CAREER OFFENDER IN THE RULE 11 PLEA COLLOQUY.**

**II.   WHETHER THE DISTRICT COURT'S MISTAKE AS TO THE AMOUNT OF CRACK COCAINE MR. BYRD PLEAD TO WAS IRRELEVANT TO BYRD'S PLEA TO COUNT FIVE.**

**III.  WHETHER BYRD'S MISAPPREHENSION REGARDING HIS SENTENCE HAD IS AN APPROPRIATE BASIS TO WITHDRAW A GUILTY PLEA.**

**IV.   WHETHER APPELLANT'S APPEAL WAIVER WAS VALID.**

## ARGUMENT

**I.    THE TRIAL JUDGE WAS REQUIRED TO INFORM APPELLANT THAT HIS SENTENCE COULD BE ENHANCED AS A CAREER OFFENDER IN THE RULE 11 PLEA COLLOQUY.**

### DISCUSSION OF ISSUE

The government contends the trial judge was not required to inform appellant that his sentence could be enhanced as a career offender in the Rule 11 plea inquiry.  As authority, they cite five unpublished opinions, ***United States v. Jackson***, 39 F. Appx. 912, 913 (4th Cir. 2002); ***United States v. Trappier***, 447 F. Appx. 463, 465-66 (4th Cir. 2011), ***United States v. Pittman***, 72 F. Appx. 244, 246 (6th Cir. 2003), see ***United States v. Banos-Mejia***, 539 F. Appx. 765, 766 (9th Cir. 2013), ***United States v. Mincy***, 480 F. Appx. 743, 45 (4th Cir. 2012).

1

The cases it cites are distinguishable from this case and ignore the opinions rendered by this court in *United States v. Hairston*, 522 F.3d 336 (4th Cir. 2008) and *United States v. Goins*, 51 F.3d 400 (4th Cir.1995).

When confronted with similar facts in *United States v. Hairston*, 522 F.3d 336 (4th Cir. 2008), this Court vacated Hairston's guilty plea where the facts showed that during the Rule 11 inquiry, Hairston was advised that he faced a minimum sentence of thirty years. *Id.* at 338. In fact, Hairston was ultimately designated an armed career criminal—a designation that resulted in a mandatory minimum sentence of forty-five years. *Id.* at 339. In granting Hairston relief, this court noted that "while the district court at the time of the Rule 11 proceeding could not have been certain about whether Hairston would qualify as an armed career criminal, Rule 11 nonetheless required the court to anticipate the possibility and explain to Hairston the sentence that would be applicable if he had prior qualifying convictions." *Id.* at 340. This Court noted that disclosure of an applicable mandatory minimum sentence in a pre-sentence investigation does not cure a Rule 11 violation when the pre-sentence report is prepared after the guilty plea has been accepted. *Id.* at 340 n. 3.

Similarly, in *United States v. Goins*, 51 F.3d 400 (4th Cir. 1995), this court addressed a district court's failure to apprise a defendant of a mandatory minimum sentence prior to accepting his plea. Noting that there was no evidence in the

2

record suggesting that the defendant was aware of the mandatory minimum before entering his plea, this Court vacated the sentence so that Goins could have a chance to replead. *Id.* at 404-05.

Like the defendants in *Goins* and *Hairston*, Appellant entered a guilty plea without the knowledge that his ultimate sentencing exposure could be altered and that he could be categorized as a career offender with a criminal history category of VI.

The district court failed to advise Byrd that he could be categorized as a career offender and the record indicates that neither the government, the district court, nor Byrd was aware of this possibility until the U.S. Probation Office prepared Byrd's pre-sentence report.

This court held in both *Hairston* and *Goins* that a Rule 11 violation cannot be considered harmless if the defendant had no knowledge of the likely career offender designation at the time of the plea.

## II.    THE DISTRICT COURT'S MISTAKE AS TO THE AMOUNT OF CRACK COCAINE MR. BYRD PLEAD TO WAS RELEVANT TO BYRD'S PLEA TO COUNT FIVE.

### DISCUSSION OF ISSUE

The relevance of Appellant's mistake as to the amount of crack cocaine he was pleading guilty to was relevant to show his confusion about the circumstances and terms of the plea agreement—that his pleas were not knowing and voluntary.

3

He clearly had no idea on what the quantity of crack cocaine was that he was pleading guilty to.  There is no evidence in the record to indicate he knew he would be classified as a career offender.  Nor is there an indication in the record that he understood  what the agreement not to file an Information of Prior Conviction (IPC) to enhance a defendant's sentence under 21 U.S.C. § 841(b)(1) encompassed.  Specifically, there is no indication in the record that Mr. Byrd understood that his prior drug convictions could be used as the basis for a determination that he was a career offender.

The record does reveal that appellant's motivation in accepting the agreement was to limit the minimum mandatory sentence he faced to 15 years of prison (10 years for the crack cocaine and 5 years for the gun count).  Without the plea bargain, Appellant faced 25 years of prison (20 years for the crack cocaine and 5 years for the gun count).

Because of the change promulgated by the Fair Sentencing Act, which were retroactive, Appellant's statutory mandatory minimum sentence changed from 10 years to 5 years.[1] Had an Information of Prior Conviction (IPC) to enhance a defendant's sentence under 21 U.S.C. § 841(b)(1) been filed, appellant faced a minimum mandatory of 10 years.  In other words, appellant faced the same

---

[1] The maximum changed from life to 40 years.

4

minimum mandatory without an agreement that he faced before the Fair

Sentencing Act with an agreement.

With the change in the law, the consideration that motivated appellant to

enter his plea (the 10 rather than 20 year minimum mandatory) no longer existed.

Regardless of whether the government filed an Information of Prior Conviction

(IPC), appellant faced only a total minimum mandatory of 15 years (10 years for

the drug count and 5 years for Count V.)

Accordingly, the mistake of the court and the parties as to the amount of

crack cocaine Mr. Byrd agreed to was relevant to his plea to Count V.

## III.    BYRD'S MISAPPREHENSION REGARDING HIS SENTENCE WAS AN APPROPRIATE BASIS TO WITHDRAW HIS GUILTY PLEA TO COUNT V.

### DISCUSSION OF ISSUE

Citing two unpublished opinions, *United States v. Banos-Mejia*, 539 F.

Appx. 765, 766 (9th Cir. 2013) and *United States v. Mincy*, 480 F. Appx. 743,

744-45 (4th Cir. 2012), the United States contends Mr. Byrd's misapprehension

regarding his sentence does not provide an appropriate ground to reverse the

District Court.

In doing so, the United States also overlooks instructions from the Supreme

Court in the landmark case of *Santobello v. New York*, 404 U.S. 257, 262, 92 S.

Ct. 495, 499, 30 L. Ed. 2d 427 (1971).[2]

> In *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495,
> 30 L. Ed. 2d 427 (1971), the Supreme Court held that
> plea bargains are governed by the law of contracts and,
> therefore, the parties' must strictly adhere to their
> promises. *United States v. Badaracco*, 954 F.2d 928, 939
> (3d Cir. 1992); *United States v. Hayes*, 946 F.2d 230,
> 233 (3d Cir. 1991). Courts use a three-step analysis to
> review plea bargains: first, they determine the
> agreement's terms and the conduct alleged to violate it;
> second, they determine if the conduct violated the plea
> agreement; and third, if the plea agreement is violated,
> they determine the remedy.

*United States v. Bogusz*, 43 F.3d 82, 94 (3d Cir. 1992)

In deciding whether to enforce a plea agreement or to allow the withdrawal

of a guilty plea, the court is not limited to express language of plea agreement, but

must also consider what defendant reasonably understood. *Id*. at 94.

The test to be applied is objective-whether the agreement has been breached,

irrespective of prosecutorial motivations or justifications for the breach. *United

States v. Brown*, 500 F.2d 375, 378 (4th Cir. 1974) (vacating sentence because

---

[2] In *Santobello*, the government breached its promise not to make any sentence
recommendation. Despite the sentencing judge's statement that the prosecutor's
recommendation did not influence him. the Supreme Court vacated the judgment
and remanded for resentencing or withdrawal of the guilty plea. 404 U.S. at 262-
63.

6

prosecutor only halfheartedly discharged obligation under plea agreement to make sentencing recommendation).

In *Santobello* the Supreme Court held that, when a plea rests in any significant degree on a promise by the government, such that it can be said to be part of the inducement or consideration for the plea, such a promise must be fulfilled. 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971). Where the government fails to fulfill a promise that induced a guilty plea, the court that sentenced the defendant has the discretion to fashion an appropriate remedy, such as allowing the defendant to withdraw his guilty plea or ordering specific performance. *Id.* at 262-63, 92 S. Ct. at 499.

Here, Appellant's only inducement to give up give up right to a trial and plead guilty was the opportunity to face a lower minimum mandatory sentence of 10 years.

Because Appellant's minimum mandatory exposure was changed by the passage of the Fairness In Sentencing Act.  Appellant's motivation for pleadings guilty to lower his mandatory exposure from a total of 25 years not longer existed. With the passage of the act appellant faced only a total 15 year minimum mandatory without the benefit of a plea agreement.  The consideration for his pleas of guilty failed.

7

Accordingly, Appellant should be permitted to withdraw his plea to Count Five.

**IV. We Rely On The Authority And Argument Made In Appellant's Opening Brief That The District Court's Sentence Of Appellant Byrd To A Combined Sentence Of 240 Months Should Be Reversed Because It Is Greater Than Necessary, Unreasonable, And Conflicts With The Sentencing Goals Of 18 U.S.C. § 3553.**

**V. The Appeal Waiver Contained In The Plea Agreement Is Invalid.**

**<u>DISCUSSION OF ISSUE</u>**

The government claims Appellant's appeal waiver is valid and urges the court not to set it aside citing two unpublished opinions, ***United States v. Wells***, ___ F. Appx. ___, 2014 WL 1387670, *1 (4th Cir. Apr. 10, 2014) and ***United States v. Jordan***, 438 F. Appx. 180, 181 (4th Cir. 2011).

In a published opinion, ***United States v. Raynor***, 989 F. Supp. 43, 49 (D.D.C. 1997) Judge Friedman categorized these waivers as unfair contracts of adhesion. In ***People v. Butler***, 204 N.W.2d 325, 330 (Mich. Ct. App. 1972), the Michigan Court of Appeal invalidated a waiver because of the impermissible burden it placed on the right to appeal.

In addition to the cases cited in Appellant's opening brief, ***Raynor*** and ***Butler*** provide additional authority to justify setting aside the appeal waiver.

8

## CONCLUSION

Appellant Thomas Marshall Byrd's plea to count 5 should be vacated and reversed. Appellant's sentence on the drug count should be reduced to the 10-year minimum mandatory.

## ORAL ARGUMENT IS REQUESTED

Appellant Thomas Marshall Byrd respectfully submits that oral argument in his matter is necessary.  Accordingly Appellant requests oral argument. to permit the Court to understand and rule on the issues raised.

Respectfully Submitted,

Thomas Marshall Byrd

BY: */s/ Ferris Ridgely Bond*
Counsel


/s/ *Ferris Ridgely Bond*
Ferris Ridgely Bond, Esquire
Bond & Norman
777  Sixth Street NW, Suite 410
Washington, D.C.  20001
Telephone (202) 423-3859
Facsimile: (202) 207- 1041
 ferrisbond@bondandnorman.com
Counsel for Appellant Thomas Marshall Byrd

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*1,886*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>July 21, 2014</u>          <u>/s/ Ferris R. Bond</u>
                                                     *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 21st day of July, 2014, I caused this Reply Brief

of Appellant to be filed electronically with the Clerk of the Court using the

CM/ECF System, which will send notice of such filing to the following registered

CM/ECF users:

> Randall S. Galyon
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgeworth Street, 4th Floor
> Greensboro, North Carolina  27401
> (336) 333-5331
>
> *Counsel for Appellee*

I further certify that on this 21st day of July, 2014, I caused the required

copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Ferris R. Bond
*Counsel for Appellant*
